UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Stephen P.B. Kranz, Donal R. Parks, and Round Table Properties-MN L.L.C., | Civil No. 06-3380 (PAM/JSM) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Paul Koenig; Michelle Koenig; Pamiko Properties, LLC; and MarkLee Construction, LLC; | |
| Defendants. | |

This matter is before the Court on Defendants' Motion to Dismiss. For the reasons that follow, the Court grants the Motion but dismisses the Complaint without prejudice.

**BACKGROUND**

Plaintiffs Stephen P.B. Kranz and Donal R. Parks own Plaintiff Round Table Properties-MN L.L.C., a limited liability company established to hold and manage real estate properties in Minneapolis, Minnesota. Defendants Paul and Michelle Koenig control Defendants Pamiko Properties, LLC and MarkLee Construction, LLC.

**A.    Previous Litigation**

On January 28, 2005, Plaintiffs sued David and Sharon Kohlenberger and three companies owned by the Kohlenbergers: Dream Home Development, L.L.C.; DPK Properties, L.L.C.; and KOKO Property Management (collectively "Dream Home

Companies").[1]  The Dream Home Companies constructed and managed numerous rental properties in Minneapolis.  In the action, Plaintiffs alleged that the Kohlenbergers and the Dream Home Companies misrepresented how much income six rental properties generated, thereby fraudulently inducing Plaintiffs to buy the properties.[2]  On April 3, 2006, Plaintiffs obtained a $75,000 confession of judgment against the Dream Home Companies.  On June 1, 2006, Plaintiffs obtained an additional $1 million confession of judgment against the Dream Home Companies.

**B.    Current Litigation**

On August 18, 2006, Plaintiffs commenced this action.  The essence of the Complaint is that Defendants are holding assets from the Dream Home Companies in an attempt to shield the assets from the judgments entered in the previous litigation.

In particular, Plaintiffs allege that the Kohlenbergers transferred to the Koenigs all rights, title, interest, and ownership in the Dream Home Companies and their properties. (Compl. ¶¶ 14-16.)  Plaintiffs therefore claim that the Koenigs are successors-in-interest to the duties, obligations, and liabilities of the Dream Home Companies. (Id. ¶ 17.) Additionally, Plaintiffs allege that Defendants are using assets obtained from the Dream

---

[1] Plaintiffs also sued an agent of the Dream Home Companies, a real estate broker, Edina Realty, Inc., and two agents of Edina Realty, Inc.

[2] In addition to the fraud claim, Plaintiffs sued for breach of contract, dishonored check, breach of fiduciary duty, negligence, unjust enrichment, unlawful trade practices, and deceptive trade practices.

Home Companies for their own purposes instead of satisfying the judgments against the Dream Home Companies.  (Id. ¶¶ 31-35.)

The Complaint asserts five claims: (1) attachment, (2) fraudulent transfers, (3) illegal distributions, (4) unjust enrichment, and (5) breach of contract.  Defendants seek dismissal of the first four claims.

**DISCUSSION**

Defendants argue that the claims at issue are based on an allegedly fraudulent transfer of properties, and that Plaintiffs therefore must meet the heightened pleading requirement under Federal Rule of Civil Procedure 9(b).

"In all averments of fraud . . . , the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b).  To meet the heightened pleading requirement, a plaintiff must set forth the "the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby."  Parnes v. Gateway 2000, Inc., 122 F.3d 539, 549-50 (8th Cir. 1997) (citations omitted); see also Commercial Prop. Invs., Inc. v. Quality Inns Int'l, Inc., 61 F.3d 639, 644 (8th Cir. 1995) (conclusory allegations that a defendant's conduct was fraudulent or deceptive are not sufficient to satisfy the requirements of Rule 9(b)).  Finally, where "allegations of fraud are . . . based only on information and belief, the complaint must set

3

forth the source of the information and the reasons for the belief." Parnes, 122 F.3d at 550 (citation omitted).

The Minnesota Uniform Fraudulent Transfer Act, Minn. Stat. § 513.41 et seq. (MUFTA),[3] provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (1) with actual intent to hinder, delay, or defraud any creditor of the debtor; or
> (2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
>   (i) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>   (ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

Minn. Stat. § 513.44. No court has addressed whether the specificity requirement of Rule 9(b) applies to a fraudulent transfer claim under MUFTA. Moreover, courts from other jurisdictions disagree on whether fraudulent transfer claims must be pled with particularity. Some hold that a plaintiff need not meet Rule 9(b)'s requirements because such claims do not require the plaintiff to prove actual or constructive fraud. China Resource Prods.

---

[3] Only the second count of the Complaint expressly relies on MUFTA, but the attachment, illegal distribution, and unjust enrichment claims derive from the allegedly fraudulent transfers.

(U.S.A.) Ltd. v. Fayda Int'l, Inc., 788 F. Supp. 815, 819 (D. Del. 1992) (holding that Delaware version of Uniform Fraudulent Conveyance Act does not require proof of actual or constructive fraud); Nesco, Inc. v. Cisco, No. CV205-142, 2005 WL 2493353, at *2-*3 (S.D. Ga. Oct. 7, 2005) (finding marked differences in statutory and common law fraud claims and ruling that Rule 9(b) therefore does not apply to claims under Georgia's Uniform Fraudulent Transfer Act).  Others require particularity for intentional fraudulent transfer claims, but not for constructive fraudulent transfer claims.  Van-Am. Ins. Co. v. Schiappa, 191 F.R.D. 537, 541-43 (S.D. Ohio 2000); see also In re Verestar, Inc., 343 B.R. 444, 468 (Bankr. S.D.N.Y. 2006); In re White Metal Rolling & Stamping Corp., 222 B.R. 417, 428-29 (Bankr. S.D.N.Y. 1998).  The remaining courts hold that Rule 9(b) applies to all fraudulent transfer claims. Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1078-80 (7th Cir. 1997) (applying Rule 9(b) to constructive fraudulent transfer claim); Ind. Bell Tel. Co., Inc. v. Lovelady, No. SA-05-285, 2006 WL 48305, at *1 (W.D. Tex. Jan. 11, 2006) (recognizing that the "point is debatable" but finding that Rule 9(b) applies to a claim under the Texas Uniform Fraudulent Transfer Act).

This Court holds that Rule 9(b) applies to fraudulent conveyance claims under MUFTA.  Rule 9(b) states that the particularity requirement applies to all fraud claims, and MUFTA proscribes fraudulent conduct.  Moreover, the Eighth Circuit Court of Appeals has indicated that Rule 9(b) applies to fraudulent conveyance claims under the Uniform Fraudulent Transfer Act.  See Nw. Bank & Trust Co. v. First Ill. Nat'l Bank, 354 F.3d 721,

726 (8th Cir. 2003) (affirming summary judgment on ground that plaintiff failed to set forth particular facts supporting a claim under the Iowa Uniform Fraudulent Transfer Act). Similarly, the Eighth Circuit has held that the particularity requirement applies to other anti-fraud statutes, such as cases involving the False Claims Act and the Racketeer Influenced and Corrupt Organizations Act. See, e.g., United States ex rel. Joshi v. St. Luke's Hosp., 441 F.3d 552, 556 (8th Cir. 2006); Murr Plumbing, Inc. v. Scherer Bros. Fin. Servs., 48 F.3d 1066, 1069 (8th Cir. 1995). Based on the broad language of Rule 9(b), as well as the Eighth Circuit's application of Rule 9(b) in similar contexts, this Court concludes that Rule 9(b) applies to MUFTA claims.

The Complaint does not satisfy Rule 9(b) for several reasons. First, the Complaint does not identify the source of the information for the paragraphs based on information and belief. Second, the Complaint contains intrinsic inconsistencies. For example, although the Complaint alleges that the Kohlenbergers transferred properties to the Koenigs, an exhibit attached to the Complaint reveals transfers of properties from the Koenigs to the Kohlenbergers. (Compl. Ex. D.) Third, the Complaint does not specify many material facts, such as when the allegedly fraudulent transfers occurred, the sale price and market value of the properties, and how Plaintiffs were damaged by the allegedly fraudulent transfers. Because Plaintiffs have failed to allege sufficient details regarding the allegedly fraudulent transfers, the Court grants the Motion to Dismiss.[4]

---

[4] Because the Court dismisses the Complaint under Rule 9(b), it refrains from ruling on the merits of the claims set forth in the Complaint.

**CONCLUSION**

Plaintiffs must allege particular facts relating to the allegedly fraudulent transfers. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Dismiss (Docket No. 4) is **GRANTED**;

2. The Complaint (Docket No. 1) is **DISMISSED without prejudice**; and

3. Plaintiffs shall file an amended complaint within thirty days after entry of this Order.  Failure to comply will result in dismissal of this action with prejudice.


Dated: January 4, 2007

                                                     s/ Paul A. Magnuson
                                                     Paul A. Magnuson
                                                     United States District Court Judge